(108 P.3d 445)
No. 91,821

STATE OF KANSAS, *Appellee,* v. STEVEN T. SHELINBARGER,
*Appellant.*

Opinion filed March 4, 2005.

*Kevin P. Shepherd,* of Topeka, for appellant.

*Deborah L. Hughes,* assistant district attorney, *Robert D. Hecht,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

CAPLINGER, J. : Steven T. Shelinbarger was convicted by a jury of driving under the influence of alcohol (DUI) and was sentenced as a third-time offender. Shelinbarger appeals, arguing the district court illegally enhanced his sentence by considering a 1991 DUI diversion as a prior DUI conviction. We affirm, rejecting defendant's argument that K.S.A. 2004 Supp. 8-1567(m)(3) unlawfully impairs his 1991 diversion agreement in violation of the Contract Clause, Article I, § 10 of the United States Constitution.

On April 23, 1991, Shelinbarger was arrested for DUI. As a result, Shelinbarger entered into a diversion agreement with the City of Topeka on September 4, 1991.

The diversion agreement provided that if Shelinbarger fulfilled all the terms of the agreement, the City would dismiss the case with prejudice. The agreement also stated: "The defendant understands that even if this case is ultimately dismissed, this diversion counts for the next five years as a conviction under State and City law for sentencing purposes in any subsequent D.U.I. case . . . ." This language was in accord with the DUI statute in effect at the time the agreement was entered into, which contained a "decay" provision stating that any prior DUI conviction over 5 years old would not be considered for charging or sentencing purposes. K.S.A. 8-1567(k)(3) (Furse 1991).

Shelinbarger was convicted of another charge of DUI on February 10, 2000.

In 2001, the Kansas Legislature amended the DUI statute, removing the decay provision. The amended DUI statute provided: "[A]*ny convictions occurring during a person's lifetime* shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." (Emphasis added.) K.S.A. 2004 Supp. 8-1567(m)(3).

On August 12, 2002, Shelinbarger was again arrested for DUI. Based on the allegation that Shelinbarger had two previous DUI convictions, the State charged Shelinbarger as a third offender pursuant to K.S.A. 2004 Supp. 8-1567(f).

A jury found Shelinbarger guilty of DUI. Prior to sentencing, Shelinbarger objected to his criminal history and filed a motion arguing that the use of his 1991 diversion as a prior conviction for sentence enhancement purposes constituted an ex post facto law, as well as an impairment of his contractual rights granted by the City. The district court denied Shelinbarger's motion and sentenced him as a third offender.

Shelinbarger abandons his ex post facto claim on appeal. Thus, the sole issue presented for review is whether K.S.A. 2004 Supp. 8-1567(m)(3) unlawfully impairs contracts in violation of Article I, § 10 (the Contract Clause) of the United States Constitution.

The Contract Clause provides that no state shall pass any law impairing the obligation of contracts. "This prohibition has been construed as preventing the states from passing any statute which will alleviate the commitment of one party to a contract or which interferes with the enforcement of the contract." *Federal Land Bank of Wichita v. Bott*, 240 Kan. 624, 629, 732 P.2d 710 (1987). "Although the contract clause . . . appears facially absolute, it must be considered in conjunction with the reserved power of the state to protect the vital interests of the community." 240 Kan. 624 Syl. ¶ 3.

"The test for determining whether a state law violates the contract clause of the United States Constitution is whether: (1) [t]he state law has, in fact, operated as a substantial impairment of a contractual relationship; (2) there is a significant and legitimate public purpose behind the legislation; and (3) the adjustment of the contracting parties' rights and responsibilities is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." 240 Kan. 624 Syl. ¶ 4.

"Before we can find impairment of a contract we must find an obligation of the contract which has been impaired." *Keefe v. Clark*, 322 U.S. 393, 396, 88 L. Ed. 1346, 64 S. Ct. 1072 (1944). Therefore, we begin with an analysis of whether the City, in its 1991

diversion agreement with Shelinbarger, promised Shelinbarger immunity from future changes in state law.

Where a contract is between a political subdivision of a state and a private individual, "settled principles of construction require that the obligation alleged to have been impaired be clearly and unequivocally expressed." 322 U.S. at 396-97. Moreover, "[f]or just as no person has a vested right in any general rule of law or policy of legislation entitling him to insist that it shall remain unchanged for his benefit [citations omitted], so an immunity from a change of the general rules of law will not ordinarily be implied as an unexpressed term of an express contract. [Citations omitted.]" *Chicago & Alton R.R. v. Tranbarger*, 238 U.S. 67, 76, 59 L. Ed. 1204, 35 S. Ct. 678 (1915).

The only provision in the 1991 diversion agreement dealing with future use of the diversion states: "The defendant understands that even if this case is ultimately dismissed, this diversion counts for the next five years as a conviction under State and City law for sentencing purposes in any subsequent D.U.I. case . . . ."

We find that this language did not expressly and unequivocally grant Shelinbarger immunity from future changes in state law; rather, this provision merely apprised Shelinbarger of then existing state and city law. And, this incorporation of existing law is of no consequence, as "[n]ot only are existing laws read into contracts in order to fix obligations as between the parties, but the reservation of essential attributes of sovereign power is also read into contracts as a postulate of the legal order." *Home Bldg. & L. Assn. v. Blaisdell*, 290 U.S. 398, 435, 78 L. Ed. 413, 54 S. Ct. 231 (1934). Legislation to protect the public safety falls within this reserved power. *Blaisdell*, 290 U.S. at 436.

In short, the diversion agreement does not contain any promise by the City to immunize Shelinbarger from future changes in state law. Without such an obligation, there can be no impairment of contract under the Contract Clause of the United States Constitution.

Affirmed.